| | |
|---|---|
| VICTOR AVALOS-NAVARRO, ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1).

## I. BACKGROUND

In April 2009, pro se Petitioner Victor Avalos-Navarro was convicted in Mecklenburg

County of two counts of felony conspiracy to commit robbery with a dangerous weapon. (Crim.

Case No. 3:11cr15-FDW-1: Doc. No. 16 at 3: PSR). Petitioner is a Mexican native, and he was

ordered removed from the United States and deported. (Id.). Petitioner returned to the United

States without permission. (Id.). A grand jury in the Western District of North Carolina indicted

Petitioner in January 2011, charging him with one count of illegal reentry, in violation of 8

U.S.C. § 1326(a) and (b)(2). (Id., Doc. No. 1: Indictment). The indictment alleged that his

illegal reentry was "subsequent to a conviction for the commission of an aggravated felony,"

which increased the statutory maximum sentence for his offense to 20 years of imprisonment,

pursuant to 8 U.S.C. § 1326(b)(2).

Petitioner pleaded guilty to the illegal-reentry offense and this Court sentenced him to 57

months of imprisonment. (Id., Doc. No. 14: Acceptance and Entry of Guilty Plea; Doc. No. 18:

Judgment).  Petitioner's presentence report determined, among other things, that a 16-offense

level enhancement was appropriate under Section 2L1.2(b)(1)(A) of the advisory Sentencing

Guidelines because he had previously been convicted of a felony crime of violence.[1]  (Id., Doc.

No. 16 at 4).  This Court adopted the presentence report's determination.  (Id., Doc. No. 19:

Statement of Reasons).

Judgment was entered against Petitioner on February 6, 2015, and Petitioner did not

appeal his conviction or sentence.  Instead, he filed the pending motion to vacate, placing the

petition in the prison system for mailing on June 1, 2016.  (Doc. No. 1 at 11).  Petitioner

contends that he is entitled to relief under the Supreme Court's decision in Johnson v. United

States, 135 S. Ct. 2551 (2015), and under the rationale of the Ninth Circuit Court of Appeals

decision in Dimaya v. Lynch, 803 F.3d 1110, 1111 (9th Cir. 2015).  Specifically, Petitioner seeks

for this Court to vacate his 57-month sentence, contending that 18 U.S.C. § 16(b), which

partially defines the term "aggravated felony" under the Immigration and Nationality Act, is

constitutionally infirm in the light of the Supreme Court's decision in Johnson v. United States,

135 S. Ct. 2551 (2015).  Finally, Petitioner contends that the petition is timely under 28 U.S.C. §

2255(f)(3) because it was filed within one year of the issuance of Johnson.  For the following

reasons, Petitioner's motion to vacate will be denied and dismissed.

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to

---

[1]  Section 2L1.2(b)(1)(A) provides, in relevant part, that if "the defendant previously was
deported, or unlawfully remained in the United States, after--(A) a conviction for a felony that is
(i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of
violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or
terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase
by 16 levels if the conviction receives criminal history points  . . . ."  U.S.S.G. 2L1.2(b)(1)(A).

promptly examine motions to vacate, along with "any attached exhibits and the record of prior

proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the

claims set forth therein.  After examining the record in this matter, the Court finds that the

argument presented by Petitioner can be resolved without an evidentiary hearing based on the

record and governing case law, and no response from the Government is necessary.  See Raines

v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

In support of his motion to vacate, Petitioner seeks relief from his sentence under the

rationale of a Ninth Circuit decision, Dimaya v. Lynch, which reversed a finding by the Board of

Immigration Appeals that a non-citizen was subject to deportation under a provision of the

Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii).  803 F.3d 1110, 1111 (9th Cir.

2015).  That provision makes "deportable" any "alien who is convicted of an aggravated felony

at any time after admission."  8 U.S.C. § 1227(a)(2)(A)(iii).  The statute defines "aggravated

felony" to include numerous different categories of offenses, one of which is "a crime of

violence" as defined by another statute, 18 U.S.C. § 16(b).  8 U.S.C. § 1101(a)(43)(F).  For

purposes of the Immigration and Nationality Act, the statute defining "crime of violence," 18

U.S.C. § 16, contains a force clause and a residual clause.  The force clause of 18 U.S.C. § 16

includes "an offense that has as an element the use, attempted use, or threatened use of physical

force against the person or property of another."  18 U.S.C. § 16(a).  The residual clause of that

statute includes "any other offense that is a felony and that, by its nature, involves a substantial

risk that physical force against the person or property of another may be used in the course of

committing the offense."  Id. § 16(b).  In Dimaya, the Ninth Circuit held that the residual clause

of 18 U.S.C. § 16(b) is unconstitutionally vague, relying on the Supreme Court's 2015 decision

in <u>Johnson v. United States</u>, which found the so-called residual clause of the Armed Career

Criminal Act ("ACCA") to be unconstitutionally vague.[2] <u>Dimaya</u>, 803 F.3d at 1120.

Petitioner attempts to argue that he is entitled to sentencing relief in this case, in light of

<u>Johnson</u>, and based on the rationale of the <u>Dimaya</u> opinion. Petitioner also notes that the Fourth

Circuit Court of Appeals has held that, in light of <u>Johnson</u>, a conviction under North Carolina

law for conspiracy to commit robbery with a dangerous weapon does not qualify as a violent

felony under either the ACCA force clause, or under the residual clause of the ACCA. <u>See</u>

<u>United States v. Melvin</u>, 621 F. App'x 226, 226-27 (4th Cir. 2015).

Petitioner is not entitled to sentencing relief. First, contrary to his contention in his motion to

vacate, Petitioner's sentence was not increased under 18 U.S.C. § 16(b). The offense of which

Petitioner was convicted is defined by 8 U.S.C. § 1326(a). That section punishes illegal reentry

with up to two years of imprisonment and does not require that the reentry follow conviction for

an aggravated felony. <u>Id.</u> Subsection (b) of that statute "is a penalty provision." <u>United States</u>

---

[2]  The ACCA provides for a mandatory minimum term of fifteen years in prison for any
defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent
felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to
include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as
an element the use, attempted use, or threatened use of physical force against the person of
another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves
conduct that presents a serious potential risk of physical injury to another." <u>Id.</u> § 924(e)(2)(B).
        In <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), the Supreme Court held that the
provision defining "violent felony" to include a prior conviction for an offense that "otherwise
involves conduct that presents a serious potential risk of physical injury to another," known as
the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. <u>Id.</u> at
2558. The Supreme Court also held that the clause is void "in all its applications." <u>Id.</u> at 2561.
However, the Court did not strike the remainder of the "violent felony" definition, including the
four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). <u>Id.</u> at 2563. As a result of
<u>Johnson</u>, a defendant who was sentenced pursuant to a statutory mandatory minimum term based
on a prior conviction that satisfies only the residual clause of the "violent felony" definition is
entitled to relief from his sentence. Where, however, the prior convictions upon which his
enhanced sentence is based qualify as violent felonies under the "force clause," or qualify as one
of the four enumerated offenses, no relief is warranted.

v. DeLamos, 251 F. App'x 207, 208 (4th Cir. 2007) (unpublished decision).  Section "1326(b)(2)

provides that if the alien's 'removal was subsequent to an aggravated felony,' he faces a

maximum prison term of twenty years; if the alien was deported after conviction of a non-

aggravated felony, the maximum sentence is ten years under § 1326(b)(1)."  Id.

   Here, Petitioner's prior conviction of felony conspiracy to commit robbery with a dangerous

weapon, for which he received a 25-month prison sentence, was clearly a felony conviction, and

Petitioner does not argue otherwise.  Thus, even if his offense were not an aggravated felony, his

statutory maximum sentence would have been ten years of imprisonment.  See 18 U.S.C. §

1326(b)(1) (imposing imprisonment of not more than ten years where removal was "subsequent

to a conviction for commission of three or more misdemeanors involving drugs, crimes against

the person, or both, or a felony (other than an aggravated felony)."  Petitioner received a term of

imprisonment of 57 months, well below the ten-year statutory maximum to which he would have

been subject if his prior offense were not for an aggravated felony.  Accordingly, his sentence

was not increased under 18 U.S.C. § 16(b).

      Moreover, Petitioner's indictment does refer to an "aggravated felony" and 8 U.S.C. §

1326(b)(2), but whether his prior offense was an aggravated felony remains irrelevant.  Because

subsections (b)(1) and (b)(2) are penalty provisions, they need not be charged in the indictment.

See Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998).  A mischaracterization of

a prior offense as an "aggravated felony" under subsection (b)(2) in an indictment is "not

material" and would not prevent this Court from properly sentencing Petitioner under 8 U.S.C. §

1326(b)(1).  See United States v. Jack, 45 F. App'x 273, 273 (4th Cir. 2002).  In sum, because

Petitioner's sentence was not increased under 18 U.S.C. § 16(b), he is not entitled to relief from

that sentence under 28 U.S.C. § 2255.

The Court further finds that this Court's application of Section 2L1.2 of the Sentencing

Guidelines, which resulted in a 16-offense level enhancement based on Petitioner's prior

conviction of conspiracy to commit robbery with a dangerous weapon, was not affected by 18

U.S.C. § 16(b), the Ninth Circuit's decision in Dimaya, or the Supreme Court's decision in

Johnson. The definition of "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A) does not

include a residual clause identical to the residual clause in the ACCA that was invalidated by

Johnson.[3] See U.S.S.G. § 2L1.2 (cmt. n.1(B)(iii)); accord United States v. Palaguachi, No. 15-

cr-133(WFK), 2016 WL 2888995, at *7 (E.D.N.Y. May 17, 2016) ("Unlike Johnson, the term

'crime of violence' used under Guidelines § 2L1.2 does not 'both den[y] fair notice to defendants

and invite[ ] arbitrary enforcement by judges.'") (quoting Johnson, 135 S. Ct. at 2557).

Furthermore, although U.S.S.G. § 2L1.2 does not expressly include "robbery with a dangerous

weapon," as an enumerated offense that qualifies as a "crime of violence," it does specifically

---

[3] The Commentary to U.S.S.G. § 2L1.2 defines "crime of violence" as:

> any of the following offenses under federal, state, or local law: Murder,
> manslaughter, kidnapping, aggravated assault, forcible sex offenses (including
> where consent to the conduct is not given or is not legally valid, such as where
> consent to the conduct is involuntary, incompetent, or coerced), statutory rape,
> sexual abuse of a minor, robbery, arson, extortion, extortionate extension of
> credit, burglary of a dwelling, or any other offense under federal, state, or local
> law that has as an element the use, attempted use, or threatened use of physical
> force against the person of another.

U.S.S.G. § 2L1.2 (cmt. n.1(B)(iii) (emphasis added)). As noted previously, the force clause of
18 U.S.C. § 16 includes "an offense that has as an element the use, attempted use, or threatened
use of physical force against the person or property of another." 18 U.S.C. § 16(a). The residual
clause of that statute includes "any other offense that is a felony and that, by its nature, involves
a substantial risk that physical force against the person or property of another may be used in the
course of committing the offense." Id. § 16(b). In Dimaya, the Ninth Circuit held that the
residual clause of 18 U.S.C. § 16(b) is unconstitutionally vague, in light of Johnson. The
Dimaya court did not hold, as unconstitutionally vague under Johnson, the force clause of section
in Section 16(a), which mirrors the language in the Commentary to U.S.S.G. § 2L1.2.

include "robbery." Id. Additionally, U.S.S.G. § 2L1.2 provides that prior convictions that trigger the sentencing enhancement under U.S.S.G. § 2L1.2 "include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses." See U.S.S.G. § 2L1.2 (cmt. n.5). In sum, Petitioner is not entitled to relief under the reasoning of Johnson and Dimaya.[4]

The court further finds that, even if Petitioner could show that Johnson applies to the application of a sentencing enhancement against him under U.S.S.G. § 2L1.2, his challenge is nevertheless procedurally defaulted because he raises this claim for the first time in his motion under Section 2255. See United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010). Petitioner is not entitled to raise his procedurally defaulted argument unless he can show "cause and prejudice, or actual innocence." Id. He has not even attempted to make this showing, nor could he. First, that Johnson had not been decided while his criminal case was before this Court does not establish cause. See Bousley v. United States, 523 U.S. 614, 623 (1998) (rejecting arguments that section 2255 movant demonstrated cause for failure to raise argument based on a new Supreme Court holding issued after his case became final); Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (en banc) (noting that "alleged futility cannot serve as 'cause' for a procedural default in the context of collateral review"). Furthermore, as explained above, the characterization of Petitioner's prior offense as an aggravated felony did not affect his sentence; thus, he cannot show prejudice. Petitioner also cannot establish actual innocence because he does not contend that he did not commit the offense of which he was convicted. See Pettiford, 612 F.3d at 280. Petitioner's procedural default precludes him from obtaining relief.

Finally, Petitioner's motion to vacate is subject to dismissal for the additional reason that

---

[4] Moreover, because Petitioner is not entitled to relief under Johnson, his petition is not timely because it was filed more than one year after his conviction became final. See 28 U.S.C. § 2255(f)(1).

Petitioner is complaining about an alleged sentencing error that is not cognizable on collateral review under Section 2255. That is, the Fourth Circuit has held that the district courts lack authority to collaterally review a sentencing error unless it is (1) "constitutional," (2) "jurisdictional," or (3) "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015). The sentencing error that Petitioner alleges does not fall into any of these three narrow categories. Thus, for this additional reason, Petitioner's motion to vacate is denied.

## IV. CONCLUSION

For the reasons stated herein, the Court will deny and dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).


Frank D. Whitney
Chief United States District Judge